AO93 Search and Seizure Warrant



# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>11459 N. 28th Dr., Apt. 1002, Phoenix, AZ 85029. | Case No. 22-9034 MB<br><br>(Filed Under Seal) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A-2.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before  2/16/2022  *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  2/2/2022@3:30pm

*ESWillett*
*Judge's signature*

City and state: <u>Phoenix, Arizona</u>

<u>Honorable Eileen S. Willett, U.S. Magistrate Judge</u>
*Printed name and title*

## ATTACHMENT A-2

*Property to be searched*

The property to be searched is **11459 N. 28th Dr., Apt. 1002, Phoenix, AZ 85029**, further described as a multi-unit apartment complex named the Waterfront Apartments. The property is comprised of multiple two-story buildings that have a grey and blue exterior. The property to be searched is apartment number 1002 which is located on the first floor. The numbers "1002" are displayed on the front door to the property.



## ATTACHMENT B

*Property to be seized*

1. Books, records, receipts, notes, ledgers, and other papers relating to alien-smuggling transactions and activities including, but not limited to, documentary records and ledgers.

2. Alien smuggling transaction records, customer lists, financial statements, real estate documents, and other evidence of financial transactions relating to obtaining, transferring, secreting or spending various sums of money made from engaging in alien-smuggling activities.

3. U.S. currency, bank documents and records, financial documents and records, and any records and documents relating to any bank or financial transactions, including: correspondence, signature cards and applications for all credit card accounts, investment accounts, and retirement accounts; copies of monthly, quarterly, yearly or periodic account statements; pre-paid credit/debit cards; money wrappers; copies of check journals, check ledgers, checkbooks, check registers, deposit tickets, deposit items, credit memos, debit memos, canceled checks, loan applications, financial statements, mortgage or promissory notes; copies of loan ledger accounts; copies of annual loan statements; application for bank drafts, cashier's checks, and foreign drafts; and records relating to employment, wages earned and paid, business income earned, and other compensation records.

4. Vehicle rental agreements, storage facility rental agreements, records of mail services.

5. Records relating to the receipt or distribution of money, specifically, direct deposit confirmations, Western Union wires or wires to or from any financial institution,

2

money orders, cashier's checks, check stubs, PayPal, MoneyGram, Moneypak, Green Dot, Vanilla Reload, check or money order receipts, and account statements both domestic and foreign.

6. Airline ticket receipts, bus ticket receipts, vehicle rental receipts, credit card receipts, hotel receipts, travel agency vouchers, long distance telephone call records and other items reflecting domestic and foreign travel; and.

7. Maps reflecting smuggling routes, foreign fuel receipts, receipts reflecting travel to and from foreign countries, receipts pertaining to the purchase and registration of load vehicles, showing modifications to and repairs of vehicles, receipts for portable radios, cellular phones, pagers and firearms.

8. Indicia of occupancy, residency, rental, ownership, or use of the Subject Premises and any vehicles found thereon during the execution of the warrant, including, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records.

9. Indicia of ownership or control over any vehicles including, but not limited to, titles, registrations, gas receipts, repair bills, and keys belonging to that vehicle.

10. Records evidencing ownership or use of cellular telephones, including sales receipts, pre-paid minute cards, registration records, and records of payment for Internet access.

11. Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances.

12. Firearms, ammunition, magazines, cases, boxes, holsters, slings, gun pieces, gun cleaning items or kits, ammunition belts, original box packaging, targets, expended

3

pieces of lead, and records, receipts, or other paperwork showing the purchase, storage, disposition, or dominion and control over firearms and ammunition.

13. Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, and SIM cards (hereafter referred to collectively as "electronic storage media").

14. Records evidencing ownership or use of electronic storage media, including sales receipts, registration records, and records of payments.

15. Any records and information found within the digital contents of any electronic storage media seized from the Subject Premises, including:

   a. all information related to human smuggling facilitators (including names, addresses, telephone numbers, locations, or any other identifying information);
   b. all bank records, checks, credit card bills, account information, or other financial records;
   c. all information regarding the receipt, transfer, possession, transportation, or use of drug or firearm proceeds;
   d. any information recording schedule or travel;
   e. evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;
   f. evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage

4

media access, use, and events relating to crime under investigation and to the electronic storage media user;

g. evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

h. evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

i. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

j. evidence of the times the electronic storage media were used;

k. passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

l. documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

m. records of or information about Internet Protocol addresses used by the electronic storage media;

n. records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

o. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical

form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, HSI may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>22-9034MB | Date and time warrant executed:<br>02/02/2022 1630hrs | Copy of warrant and inventory left with:<br>Patrick Kazmer |

Inventory made in the presence of :
Special Agent Christopher Lo

Inventory of the property taken and name of any person(s) seized:

1. Mossberg 702 rifle
2. KSA Chipmunk rifle
3. G Force shotgun
4. Goodtime Outdoor rifle
5. Jimenez Arms JA9 pistol
6. Kimber Arms Solo pistol
7. Assorted pistol/rifle ammunition
8. White powder substance consistent with cocaine
9. Crystal substance consistent with methamphetamine
10. Dark colored substance consistent with heroin
11. Light blue pills consistent with fentanyl
12. Gold Apple iPhone cellular telephone

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:   6/14/22

*Chris Lo*
*Executing officer's signature*

Christopher Lo, Special Agent
*Printed name and title*